Andrew O. Smith, Esq., SBN 217538
Macy Valdes, Esq., SBN 332150
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail:  aosmith@pettitkohn.com
         mvaldes@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY HOCH,<br><br>              Plaintiff,<br><br>v.<br><br>WALMART INC., a business entity form unknown; WALMART STORES, INC.; DOES 1-100, inclusive,<br><br>              Defendants. | CASE NO.:  2:21-cv-05366<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed:  December 30, 2020<br>Trial Date:          Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff DAISY HOCH ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 20AVCV00911, to the United States District Court, Central District of California, pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

///

///

///

1

1.     On December 30, 2020, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Daisy Hoch v. Walmart Inc., et al.*, Case Number 20AVCV00911 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as **Exhibit 1**.

2.     Walmart was served with a copy of the complaint filed in the State Action and a summons from the State Court on March 5, 2021.  A copy of the summons is attached hereto as **Exhibit 2**.

3.     Based on a review of the State Court file as of June 30, 2021, no other Defendant has been served with any summons or complaint in the State Action.

4.     Plaintiff's complaint purports to assert causes of action for premises liability.

5.     Plaintiff's complaint seeks to recover damages for lost wages, loss of hospital and medical expenses, future medical expenses, and past and future general damages.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a)(1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a) and (b).

7.     Plaintiff is a citizen of California, residing at an address of 552 East Avenue J, Lancaster, CA 93535, California, pursuant to a witness statement provided to Defendant on the date of the incident.

8.     Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibits 3** and **4**, respectively.

///

2

9. Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California, County of Los Angeles; Defendant Walmart is a citizen of the State of Arkansas, where it is headquartered, and the State of Delaware, where it is incorporated.

10. Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441 (a).

11. Removal is timely under 28 U.S.C. section 1446 (b) because this Notice of Removal is filed within 30 days of Walmart receiving Plaintiff's discovery responses which he alleges general damages which meet the jurisdictional amount in controversy in excess of $75,000. (See **Exhibit 7,** pg. 3.), as well as Plaintiff confirming he is a permanent resident domiciled in California.

12. On April 21, 2021, Defendant served Form Interrogatories, Set One to Plaintiff, specifically requesting information related to Plaintiff's domicile for the past five (5) years and Plaintiff's damages. A true and correct copy of Defendant's Form Interrogatories, Set One, are attached hereto as **Exhibit 5**. Defendant also concurrently served Request For Admissions, Set One. A true and correct copy of Defendant's Request for Admissions, Set One is attached to the Notice of Removal as **Exhibit 6**.

13. Plaintiff responded to Walmart's Form Interrogatories, Set One and Request for Admissions, Set One, on June 3, 2021 (Attached as **Exhibit 7** is a true and correct copy of Plaintiff's verified responses to Defendant's Form Interrogatories, Set One, with a proof of service via regular mail dated June 3, 2021; See also **Exhibit 8** verified responses to Defendant's Requests For Admissions, Set One, with a proof of service via regular mail dated June 3, 2021.)

14. These responses indicate that Plaintiff is a citizen and resident of California with a residence and domicile for the past 5 (five) years in California. (See **Exhibit 7,** page 2, response 2.5, and **Exhibit 6 & 8,** Request for Admission

Nos. 31 and 32.   See also *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).)
Plaintiff also admitted in her verified response to Defendant's Request for
Admissions number 33 that her damages are in excess of $75,000.

     15.    Written notice of the filing of this Notice of Removal will be promptly
served on Plaintiff.   A true and correct copy of this Notice of Removal and the
concurrently-filed Notice of Interested Parties and Civil Cover Sheet will be filed
with the Clerk of the Superior Court of the State of California in and for the County
of Los Angeles as soon as practicable.

     **WHEREFORE**, Walmart requests that the above-entitled action be removed
from the Superior Court of the State of California, County of Los Angeles, to this
District Court.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated: July 1, 2021       By:   /s/ Macy Valdes, Esq.
                            Andrew O. Smith, Esq.
                            Macy Valdes, Esq.
                            Attorneys for Defendant
                            **WALMART INC.**
                            aosmith@pettitkohn.com
                            mvaldes@pettitkohn.com

2354-9381

# Exhibit 1

Exhibit 1
5

Electronically FILED by Superior Court of California, County of Los Angeles on 12/30/2020 04:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk
20AVCV00911
Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Brian Yep

GERALD L. MARCUS, ESQ., SBN: 128384
T. VINCENT CONSOLO, ESQ., SBN: 245230
LAW OFFICES OF GERALD L. MARCUS
24025 Park Sorrento, Suite 430
Calabasas, CA 91302
Telephone: (818) 784-8544
Facsimile: (818) 784-5970
File No. 11345

Attorneys for Plaintiff, DAISY HOCH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY LOS ANGELES, NORTH DISTRICT-CIVIL UNLIMITED

| | |
|---|---|
| DAISY HOCH, | CASE NO.  20AVCV00911 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| WALMART, a business entity form unknown; WAL-MART STORES, INC.; DOES 1-100, inclusive, | |
| Defendants. | FSC: 02/23/2022<br>TRIAL: 03/04/2022<br>OSC: 01/02/2024 |

Plaintiff, DAISY HOCH, alleges:

1.    That at all times herein mentioned, Plaintiff was and now is a resident of the County of Los Angeles, State of California. That Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned Defendants, and each of them were, and now are residents and/or doing business in the County of Los Angeles, State of California.

2.    That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names and capacities and Plaintiff will amend this Complaint to state such names and capacities when the same have been ascertained. Plaintiff is informed and believes and upon such information and belief allege,

-i-

**COMPLAINT FOR DAMAGES**

Exhibit 1
6

1    that each of the Defendants designated herein as a DOE, is legally responsible in some

2    manner for the events and happenings herein referred to, and legally caused injury and

3    damages to Plaintiffs as hereinafter set forth.

4    3.   That Plaintiff is informed and believes and upon such information and belief alleges, that at

5    all times herein mentioned Defendants, and each of them, were the agents and employees of

6    their Co-Defendants, and in doing the things herein mentioned were acting in the course and

7    scope of their authority as such agents and employees and with the permission and consent

8    of their Co-Defendants and each of them.

9    4.   That Plaintiff is informed and believes and upon such information and belief alleges, that at

10   all times herein mentioned, Defendant, WALMART, was and now is a corporation, limited

11   partnership or a partnership, duly organized and existing under, and by virtue of the laws of

12   the State of California and is doing business in the State of California, with its principal place

13   of business located at or near 1731 E. Avenue J, in the City of Lancaster, County of Los

14   Angeles, State of California.

15   5.   That Plaintiff is informed and believes and upon such information and belief alleges, that at

16   all times herein mentioned, Defendant, WAL-MART STORES, INC., was and now is a

17   corporation, limited partnership or a partnership, duly organized and existing under, and by

18   virtue of the laws of the State of California and is doing business in the State of California,

19   with its principal place of business located at or near 702 SW 8TH Street, in the City of

20   Bentonville, State of Arizona.

21   6.   That on or about January 31, 2019, Defendants, and each of them owned, possessed, worked

22   upon, managed, supervised, modified, repaired, operated, maintained, or controlled certain

23   premises located at or near 1731 E Avenue J, in the City of Lancaster, County of Los

24   Angeles, State of California.

25   7.   That at said time and place, Plaintiff was on the premises of Defendants, and each of them,

26   and while thereon and as a direct and proximate result of the negligence of Defendants, and

27   each of them, sustained injuries and damages as hereinafter set forth.

28   8.   That Defendants, and each of them, were negligent in the manner in which they owned,

Exhibit 1

7

1   possessed, modified, repaired, operated, maintained, worked upon, controlled, managed, or

2   supervised said premises by causing and allowing a dangerous condition to exist and remain

3   upon said premises, and Defendants, and each of them, were further negligent in failing to

4   inspect, warn of, remove, correct and otherwise take precautions so as to prevent injuries to

5   persons on said premises.

6   9.   As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff

7   was injured in her health, strength and activity, sustaining bodily injury and shock to her

8   nervous systems, which has caused, and will cause, great mental and physical pain and

9   suffering, all to Plaintiff's general damages in a sum within the jurisdiction of this Court

10   according to proof at the time of trial.

11   10.   As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff

12   has incurred, and will incur medical and related expenses in a sum according to proof at the

13   time of trial.

14   11.   At the time of said injury, Plaintiff was employed or employable and as a direct and

15   proximate result of the negligence of Defendants, and each of them, and by reason of the

16   injuries suffered by Plaintiff, Plaintiff has sustained a loss of earnings and earning capacity

17   in a sum according to proof at the time of trial.

18

19   Prayer for Relief

20

21   WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as

22   follows:

23   1)   For general damages in a sum according to proof at the time of trial within the

24   jurisdiction of the Superior Court;

25   2)   For medical and related expenses in a sum according to proof at the time of trial;

26   3)   For loss of income and earning capacity in a sum according to proof at the time of

27   trial;

28   4)   For pre-judgment interest at the legal rate;

3

COMPLAINT FOR DAMAGES

Exhibit 1

8

1    5)     For costs of suit incurred herein; and,

2    6)     For such other and further relief as the Court may deem just and proper.

3

4  DATED: December 30, 2020               LAW OFFICES OF GERALD L. MARCUS

5

6                          By:

7                             GERALD L. MARCUS, ESQ.
                                 T. VINCENT CONSOLO, ESQ.

8                             Attorneys for Plaintiff,
                             DAISY HOCH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR DAMAGES**

Exhibit 1

9

# Exhibit 2

Exhibit 2
10

Electronically FILED by Superior Court of California, County of Los Angeles on 12/30/2020 04:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
20AVCV00911

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** WALMART, a business entity form unknown; WAL-
**(AVISO AL DEMANDADO):** MART STORES, INC.; DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** DAISY HOCH,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Los Angeles<br>42011 4th Street West<br>Lancaster, California 93534 | CASE NUMBER:<br>(Número del Caso):<br>**20AVCV00911** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: GERALD L. MARCUS
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

GERALD L MARCUS
24025 Park Sorrento, Suite 430, Calabasas, California 91302       818-784-8544

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) | 12/30/2020 | Clerk, by<br>(Secretario) | M. Rojas , Deputy<br>(Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAL-MART STORES, INC.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

Exhibit 2
11

# Exhibit 3

Exhibit 3
12

**Dr. Shirley N. Weber**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Tuesday, June 29, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1634374   WALMART INC.

| | |
|---|---|
| **Registration Date:** | 02/03/1989 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |
| **Entity Mailing Address:** | 702 SW 8TH STREET |
| | BENTONVILLE AR 72716 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type ⬍ | File Date ⬇ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 06/16/2021 | Image unavailable. Please request paper copy. |
| SI-COMPLETE | 06/14/2021 | |
| SI-COMPLETE | 09/28/2020 | |
| FILING OFFICE STATEMENT | 09/25/2020 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2020 | |
| PUBLICLY TRADED DISCLOSURE | 07/05/2019 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2018 | |
| AMENDED REGISTRATION | 12/14/2017 | |
| PUBLICLY TRADED DISCLOSURE | 07/03/2017 | |

Exhibit 3
13

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 08/17/2016 | |
| PUBLICLY TRADED DISCLOSURE | 07/16/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/01/2013 | |
| PUBLICLY TRADED DISCLOSURE | 07/02/2012 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2010 | |
| PUBLICLY TRADED DISCLOSURE | 09/04/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/30/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2007 | |
| PUBLICLY TRADED DISCLOSURE | 07/24/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2005 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/09/2003 | Image unavailable. Please request paper copy. |
| REGISTRATION | 02/03/1989 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**     **New Search**     **Back to Search Results**

Exhibit 3
14

# Exhibit 4

Exhibit 4
15



## Search Incorporations, Cooperatives, Banks and Insurance Companies

Notice: This is only a preliminary search and no guarantee that a name is available for initial filing
until a confirmation has been received from the Secretary of State after filing has been processed

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | GORDON ALLISON , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | MATTHEW ALLEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good
Standing for this Entity**          **Pay Franchise Tax for this corporation**

Exhibit 4

16

# Exhibit 5

Exhibit 5
17

DISC-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
| --- |
| Andrew O. Smith, Esq.   (Bar # 217538) <br> Macy Valdes, Esq.   (Bar # 332150) <br> PETTIT KOHN INGRASSIA LUTZ & DOLIN PC <br> 5901 W. Century Blvd., Suite 1100, Los Angeles, CA 90045 |
| TELEPHONE NO.: (310) 649-5772 |
| FAX NO. *(Optional)*: (310) 649-5777 |
| E-MAIL ADDRESS *(Optional)*: aosmith@pettitkohn.com;mvaldes@pettitkohn.com |
| ATTORNEY FOR *(Name)*: Defendant WALMART INC. |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| --- |
|  |

| SHORT TITLE OF CASE: |
| --- |
| Daisy Hoch v. Walmart Inc., et al. |

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER: |
| --- | --- |
| **Asking Party:** Defendant WALMART INC. <br><br> **Answering Party:** Plaintiff DAISY HOCH <br><br> **Set No.:** ONE | 20AVCV00911 |

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                                            *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

**DISC-001**

☐ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
   Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
19

DISC-001

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

[X] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

[X] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

[ ] 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

[X] 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
20

DISC-001

[X] 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

[X] 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a)  the name, **ADDRESS,** and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

[X] 6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a)  the name;
(b)  the **PERSON** who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

[X] 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, **ADDRESS,** and telephone number of each provider.

[X] 6.7  Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a)  the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

[X] 7.1  Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale,  and  the sale price.

[X] 7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c)  the amount of damage stated.

[X] 7.3  Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e)  the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

[X] 8.1  Do you attribute any loss of income or earning capacity to the **INCIDENT?**  *(If your answer is  "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the **INCIDENT;** and
(c)  the date your employment began.

[X] 8.3   State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4  State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5  State the date you returned to work at each place of employment following the **INCIDENT.**

[X] 8.6  State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[X] 8.7  State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8  Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable  to  work; and
(d)  how the claim for future income is calculated.

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
21

DISC-001

**9.0 Other Damages**

X 9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

X 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

X 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

X 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

X 10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

X 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

X 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

X 12.1 State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

X 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

X 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
22

DISC-001

[X] 12.4   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[X] 12.5   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] 12.6   Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[X] 12.7   Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

## 13.0   Investigation—Surveillance

[X] 13.1   Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[X] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0   Statutory or Regulatory Violations

[X] 14.1   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] 14.2   Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0   Denials and Special or Affirmative Defenses

[ ] 15.1   Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0   Defendant's Contentions—Personal Injury

[ ] 16.1   Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] 16.2   Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

LexisNexis® Automated California Judicial Council Forms

Exhibit 5
23

**DISC-001**

16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a)  identify it;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a)  identify each service;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.5   Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a)  identify each cost;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a)  identify each part of the loss;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a)  identify each item of property damage;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a)  identify each cost item;
(b)  state all facts upon which you base your contention;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.9   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a)  the source of each **DOCUMENT;**
(b)  the date each claim arose;
(c)  the nature of each claim; and
(d)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**
(b)  a description of each **DOCUMENT**; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

[X]  17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a)  state the number of the request;
(b)  state all facts upon which you base your response;
(c)  state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d)  identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**   *[Reserved]*

**19.0**   *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

20.2   For each vehicle involved in the **INCIDENT,** state:

(a)  the year, make, model, and license number;
(b)  the name, ADDRESS, and telephone number of the driver;

*LexisNexis® Automated California Judicial Council Forms*

Exhibit 5
24

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

1

**PROOF OF SERVICE**
*Daisy Hoch v. Walmart Inc., et al.*

2

**Los Angeles Superior Court Case No. 20AVCV00911**

3

I, the undersigned, declare that:

4

I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action.  I am employed in the County of San Diego, California,

5

and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6

On **April 21, 2021,** I caused to be served the following documents:

7

**DEFENDANT WALMART INC.'S FORM INTERROGATORIES
PROPOUNDED TO PLAINTIFF DAISY HOCH (SET ONE)**

8

[X]     **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to

9

each addressee, respectively, as follows:

10

[X]     **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
[  ]     **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**

11

[  ]     **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ.
Proc. §§ 1013(a)-(b))**

12

Gerald L. Marcus, Esq.

13

T. Vincent Consolo, Esq.
LAW OFFICES OF GERALD L. MARCUS

14

24025 Park Sorrento, Suite 430
Calabasas, CA 91302

15

Telephone: (818) 784-8544
Facsimile: (818) 784-5970

16

**Attorneys for Plaintiff
DAISY HOCH**

17

18

I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice, it would be deposited with the United States Postal Service on

19

that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course
of business.  I am aware that service is presumed invalid if postal cancellation date or postage
meter date is more than one day after the date of deposit for mailing in affidavit.

20

21

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on **April 21, 2021,** at San Diego, California.

22

23

Marie L. Frandsen

24

25

26

27

28

2354-9381

9

DEFENDANT WALMART INC.'S FORM INTERROGATORIES
PROPOUNDED TO PLAINTIFF DAISY HOCH (SET ONE)

Exhibit 5

26

# Exhibit 6

Exhibit 6
27

Andrew O. Smith, Esq., SBN 217538
Macy Valdes, Esq., SBN 332150
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail:  aosmith@pettitkohn.com
           mvaldes@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – NORTH DISTRICT

| | |
|---|---|
| DAISY HOCH, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., a business entity form unknown; WALMART STORES, INC.; DOES 1-100, inclusive, <br><br> Defendants. | CASE NO.:  20AVCV00911 <br><br> **DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO PLAINTIFF DAISY HOCH** <br><br> **(SET ONE)** <br><br> Dept.:  A14 <br> Judge: Hon. Brian C. Yep <br> Filed:   December 30, 2020 <br> Trial:   March 9, 2022 |

PROPOUNDING PARTY:   Defendant WALMART INC.

RESPONDING PARTY:   Plaintiff DAISY HOCH

SET NUMBER:   ONE

Defendant WALMART INC. ("Defendant") pursuant to California Code of Civil Procedure section 2033.010 et seq., requests that Plaintiff DAISY HOCH ("Plaintiff") admit the truth to the following specified matters of fact, opinion relating to fact, or application of relative fact, and return the signed responses within thirty days of service of this Request for Admissions.

Pursuant to California Code of Civil Procedure section 2033.210, Plaintiff shall respond in writing under oath separately to each request or set forth an objection to the particular request. Each answer in response shall be as "complete and straightforward as the information reasonably

1    available to the responding party permits."  Moreover, each response shall comply with the strict

2    requirements of section 2033.010 et seq.  Additionally, Defendant formally gives notice of its intent

3    to recover expenses incurred in proving matters not admitted by Plaintiff that Defendant later

4    proves the truth of, pursuant to the Code of Civil Procedure section 2033.420.

5                                    **REQUEST FOR ADMISSIONS**

6    **REQUEST FOR ADMISSION NO. 1:**

7         Admit that WALMART was not negligent in this matter.  (For purposes of these requests,

8    "WALMART" means Defendant Walmart Inc. and its agents, employees, insurance companies,

9    and their agents, their employees, their attorneys, their accountants, their investigators, and anyone

10   else acting on its behalf.)

11   **REQUEST FOR ADMISSION NO. 2:**

12        Admit that YOU were not injured as a result of the INCIDENT as alleged in YOUR

13   COMPLAINT.  (For purposes of these requests, "YOU" or "YOUR" means Plaintiff DAISY

14   HOCH. The term "INCIDENT" includes the circumstances and events surrounding the alleged

15   occurrences giving rise to this action as alleged in YOUR COMPLAINT. The term

16   "COMPLAINT" means the Complaint Plaintiff DAISY HOCH filed in the Los Angeles County

17   Superior Court, North District, on or about December 30, 2020.)

18   **REQUEST FOR ADMISSION NO. 1:**

19        Admit that DEFENDANT owed no duty to YOU on the date of the INCIDENT.

20   **REQUEST FOR ADMISSION NO. 2:**

21        Admit that DEFENDANT breached no duty to YOU on the date of the INCIDENT.

22   **REQUEST FOR ADMISSION NO. 3:**

23        Admit that YOU suffered no loss of property as a result of the INCIDENT.

24   **REQUEST FOR ADMISSION NO. 4:**

25        Admit that DEFENDANT is not liable for YOUR injuries that occurred on the date of the

26   INCIDENT.

27   ///

28   ///

2354-9381

                                                2

Exhibit 6
29

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have no evidence that there was a dangerous condition on DEFENDANT's premises on the date of YOUR INCIDENT.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no evidence that DEFENDANT was aware of the alleged hazard before the INCIDENT occurred.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU have no evidence that an employee of DEFENDANT saw the alleged hazard before the INCIDENT occurred.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have no evidence that a customer informed DEFENDANT of the alleged hazard before the INCIDENT occurred.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU have no evidence that DEFENDANT should have been aware of the alleged hazard before the INCIDENT occurred.

**REQUEST FOR ADMISSION NO. 10:**

Admit that there were caution signs, carts or other warning objects in the area where the alleged INCIDENT occurred prior to the INCIDENT.

**REQUEST FOR ADMISSION NO. 11:**

Admit that a DEFENDANT employee gave YOU verbal warnings prior to the INCIDENT occurring.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU do not possess any photographs, videos, films or depictions that depict or describe the injuries YOU contend, were caused by the INCIDENT.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOUR injuries were caused, in whole, by YOU.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOUR injuries were caused, in part, by YOU.

2354-9381

Exhibit 6
30

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU failed to exercise reasonable care in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOUR injuries were caused, by at least 50%, by YOU.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU suffered no special medical damages as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU did not receive any medical care or treatment within the period of time six (6) months prior to the INCIDENT.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not receive any medical care or treatment in the last ten (10) years that relate to the same parts of YOUR body that were allegedly injured in the INCIDENT.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU do not need any further medical care as a result of the alleged INCIDENT.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU will incur no future damages as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU suffered no general damages as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU have no need of future treatment as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 24:**

Admit that all of the injuries which you allege were caused by the INCIDENT pre-existed the INCIDENT.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have suffered no harm as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU did not incur past wage loss as a result of the INCIDENT.

1    **REQUEST FOR ADMISSION NO. 27:**

2         Admit that YOU will not incur future wage loss as a result of the INCIDENT.

3    **REQUEST FOR ADMISSION NO. 28:**

4         Admit YOU have no loss of earning capacity as a result of the INCIDENT.

5    **REQUEST FOR ADMISSION NO. 29:**

6         Admit that YOU suffered no loss of earning power as a result of the INCIDENT.

7    **REQUEST FOR ADMISSION NO. 30:**

8         Admit that YOU have not missed any time at YOUR work as a result of the INCIDENT.

9    **REQUEST FOR ADMISSION NO. 31:**

10        Admit that you are a citizen of the State of California.

11   **REQUEST FOR ADMISSION NO. 32:**

12        Admit that YOUR permanent residence is in California.

13   **REQUEST FOR ADMISSION NO. 33:**

14        Admit that YOU are seeking damages in excess of $75,000.

15   **REQUEST FOR ADMISSION NO. 34:**

16        Admit that YOU entered into lien agreements with some of YOUR medical treaters for

17   injuries YOU claim are a result of the INCIDENT.

18

19                          **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

20

21   Dated:  April 21, 2021              By: _____

22                                           Andrew O. Smith, Esq.
                                             Macy Valdes, Esq.
23                                           Attorneys for Defendant
                                             **WALMART INC.**

24

25

26

27

28

2354-9381

5

1

**PROOF OF SERVICE**
*Daisy Hoch v. Walmart Inc., et al.*

2

**Los Angeles Superior Court Case No. 20AVCV00911**

3          I, the undersigned, declare that:

4          I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action.  I am employed in the County of San Diego, California,

5    and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6          On **April 21, 2021,** I caused to be served the following documents:

7          **DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS
           PROPOUNDED TO PLAINTIFF DAISY HOCH (SET ONE)**

8
     [X]    **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to

9           each addressee, respectively, as follows:

10          [X]    **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
            [  ]    **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**

11          [  ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ.
                    Proc. §§ 1013(a)-(b))**

12
     Gerald L. Marcus, Esq.

13   T. Vincent Consolo, Esq.
     LAW OFFICES OF GERALD L. MARCUS

14   24025 Park Sorrento, Suite 430
     Calabasas, CA 91302

15   Telephone: (818) 784-8544
     Facsimile: (818) 784-5970

16   **Attorneys for Plaintiff
     DAISY HOCH**

17
            I am readily familiar with the firm's practice of collection and processing correspondence

18   for mailing.  Under that practice, it would be deposited with the United States Postal Service on
     that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course

19   of business.  I am aware that service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after the date of deposit for mailing in affidavit.

20
            I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct.  Executed on **April 21, 2021,** at San Diego, California.

22

23                                              _____
                                                Marie L. Frandsen

24

25

26

27

28

2354-9381

6

DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS PROPOUNDED TO
PLAINTIFF DAISY HOCH (SET ONE)

Exhibit 6
33

# Exhibit 7

Exhibit 7
34

1  GERALD L. MARCUS, ESQ., SBN: 128384
   T. VINCENT CONSOLO, ESQ., SBN: 245230
2  LAW OFFICES OF GERALD L. MARCUS
   24025 Park Sorrento, Suite 430
3  Calabasas, CA 91302
   Telephone:  (818) 784-8544
4  Facsimile:   (818) 784-5970
   File No. 11345
5

6  Attorneys for Plaintiff, DAISY HOCH

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES, NORTH DISTRICT

10

11 DAISY HOCH,                        )  CASE NO.  20AVCV00911
                                      )  [Unlimited Jurisdiction]
12            Plaintiff,              )
                                      )  Action Filed:     12/30/2020
13 vs.                                )  Assigned to:      Hon. Brian C. Yep, Dept. A14
                                      )
14 WALMART, a business entity form    )  P L A I N T I F F ' S   R E S P O N S E S   T O
   unknown; WAL-MART STORES, INC.;    )  D E F E N D A N T ' S   F O R M
15 DOES 1-100, inclusive,             )  INTERROGATORIES, SET NO. ONE
                                      )
16            Defendants.             )
                                      )
17 _____  )

18    **PROPOUNDING PARTY: Defendants, WALMART INC.**

19    **RESPONDING PARTY:   Plaintiff, DAISY HOCH**

20    **SET NO.:              ONE**

21         COMES NOW, Plaintiff, DAISY HOCH, and pursuant to Code of Civil Procedure §2030,

22 of the State of California, responds by answer, objection or otherwise to the Form Interrogatories,

23 Set Number One, propounded by Defendants, WALMART INC, as follows:

24                    **<u>PREFACE TO INTERROGATORY RESPONSES</u>**

25         It should be noted that this responding party has not fully completed his investigation on the

26 facts relating to this case and has not fully completed his discovery in this action and has not

27 completed his preparation for trial.  All the answers contained herein are based only upon such

28  information and documents which are presently available to and specifically known to this

                                          1
   **PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE**

Exhibit 7
35

1  responding party and disclose only those contentions which presently occur to such responding party.

2  It is anticipated that further discovery, independent investigation, legal research and analysis will

3  supply additional facts, add meaning to the known facts, as well as establish entirely new factual

4  conclusions and legal contentions, all of which may lead to substantial additions to, changes in and

5  variations from the contentions herein set forth.   The following Interrogatory Responses are given

6  without prejudice to responding party's right to produce evidence of any subsequently discovered fact

7  or facts which this responding party may later recall.   Responding party accordingly reserves the

8  right to change any and all answers herein as additional facts are ascertained, analysis are made, legal

9  research is completed and contentions are made.   The answers contained herein are made in a good

10  faith effort to supply as much factual information and as much specification of legal contentions as

11  is presently known, but should in no way be to the prejudice to Plaintiff in relation to further

12  discovery, research or analysis.

13                                            **RESPONSES**:

14  **FORM INTERROGATORY NO. 1.1:**

15         T. Vincent Consolo, Esq.- Law Offices of Gerald L. Marcus: 24025 Park Sorrento, Suite

16  430, Calabasas, California 91302. Telephone Number: (818) 784-8544.

17  **FORM INTERROGATORY NO. 2.1:**

18         a-c)    Daisy Hoch - birth to present; Daisy Samouhos 1985-1997.

19  **FORM INTERROGATORY NO. 2.2:**

20         September 4, 1961; Santiago, Chile

21  **FORM INTERROGATORY NO. 2.3:**

22         a) California; b) C1743834, Class C; c) 10/16/15; d) None

23  **FORM INTERROGATORY NO. 2.4:**

24         No.

25  **FORM INTERROGATORY NO. 2.5:**

26         To the best of Plaintiff's recollection:

27         a-c)    552 East Avenue J, Lancaster, CA 93535; [2018- Present approximately]

28  ///

1    **FORM INTERROGATORY NO. 2.6**:

2        a-b)    IHSS, 335-C, E Avenue K6, Lancaster, CA 93535; Caregiver; 2018 to present.

3    **FORM INTERROGATORY NO. 2.7**:

4        1.    a)    Manual Arts; Los Angeles, CA

5            b)    1979-1981

6            c)    11th Grade

7            d)    None

8        2.    a)    Los Angeles City College; Los Angeles, CA

9            b)    1982-1984

10           c-d)   None

11   **FORM INTERROGATORY NO. 2.8**:

12       No.

13   **FORM INTERROGATORY NO. 2.9**:

14       Yes.

15   **FORM INTERROGATORY NO. 2.10**:

16       Yes.

17   **FORM INTERROGATORY NO. 2.11**:

18       No.

19   **FORM INTERROGATORY NO. 2.12**:

20       No.

21   **FORM INTERROGATORY NO. 2.13**:

22       No.

23   **FORM INTERROGATORY NO. 4.1**:

24       a) Health Insurance; b) Medi-cal/ Medicare; c) Daisy Hoch; d) 91161250A; e) unknown;

25   f) unknown; g) Daisy Hoch

26   **FORM INTERROGATORY NO. 4.2**:

27       No.

28   ///

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE**

Exhibit 7

**FORM INTERROGATORY NO. 6.1:**

Yes.

**FORM INTERROGATORY NO. 6.2:**

Including but not limited to injuries to neck, upper back, lower back, buttocks, right leg, right knee, right hip, lower back pain that radiated down lower right extremity, headaches, difficulty sleeping.

**FORM INTERROGATORY NO. 6.3:**

Yes, a) pain to lower back, upper back, right side, right shoulder, and headaches; b) getting worse; c) daily.

**FORM INTERROGATORY NO. 6.4:**

| | | | |
|---|---|---|---|
| 1. | a) | Antelope Valley Hospital, 1600 West Avenue J, Lancaster, CA 93534 |
| | b) | Emergency room |
| | c) | 01/31/19, 02/17/19 |
| | d) | $10,116.10 |
| 2. | a) | BKP Medical and Orthopedic Group, 412 West Avenue J, Lancaster, CA |
| | b) | Chiropractic care and therapy |
| | c) | 02/19/19 - 4/29/19 |
| | d) | $9,840.00 |
| 3. | a) | Advanced Imaging Center, 43731 15th St., Lancaster, CA 93534 |
| | b) | X-Rays |
| | c) | 08/06/19 |
| | d) | $1,000.00 |
| 4. | a) | Universal Pain Management, 819 Auto Center Dr., Palmdale, CA 93551 |
| | b) | Pain Management |
| | c) | 07/04/19 - 07/07/20 |
| | d) | $29,452.50 |
| 5. | a) | Philip Conwisar, M.D., Inc., 4835 Van Nuys Blvd., Suite 210, Sherman Oaks, CA 91403; (818) 784-1354 |

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE

Exhibit 7
38

| | | | |
|---|---|---|---|
| 1 | | b) | Orthopedic examination and follow-up |
| 2 | | c) | 04/09/19, 06/25/19, 11/5/19, 09/08/20 |
| 3 | | d) | $2,075.00 |
| 4 | 6. | a) | Precise Imaging, 6710 Kester Ave., Suite 126, Van Nuys, CA 91405 |
| 5 | | b) | MRI |
| 6 | | c) | 03/12/20, 10/26/20 |
| 7 | | d) | $6,600.00 |
| 8 | 7. | a) | Oasis Surgery Center, 815 Auto Center Dr., Palmdale, CA 93551 |
| 9 | | b) | Epidural |
| 10 | | c) | 02/10/20 |
| 11 | | d) | $7,000.00 |
| 12 | 8. | a) | Zynex Medical, P.O. Box 840932, Dallas, TX 75284 |
| 13 | | b) | Medical equipment |
| 14 | | c) | 07/08/20 |
| 15 | | d) | $4,697.92 |

**FORM INTERROGATORY NO. 6.5:**

Plaintiff is informed and believes that all relevant information pertaining to medications she took as a result of the subject incident would be contained in her medical records. Plaintiff refers defendant to review plaintiff's medical records related to her treatment for the subject incident, which are being produced herewith in connection with Plaintiff's response to Defendant's Request for Production of Documents (Set One).

**FORM INTERROGATORY NO. 6.6:**

a) ambulance; b) 1/31/19; c) bill pending; d) Los Angeles Fire Department.

**FORM INTERROGATORY NO. 6.7:**

a) Philip Conwisar, M.D., Inc., 4835 Van Nuys Blvd., Suite 210, Sherman Oaks, CA 91403; (818) 784-1354; b) lower back pain; c) pain management, epidurals, surgery.  Cost and duration unknown at this time.

///

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE**

Exhibit 7
39

1  **FORM INTERROGATORY NO. 7.1:**

2      No.

3  **FORM INTERROGATORY NO. 8.1:**

4      No.

5  **FORM INTERROGATORY NO. 9.1:**

6      Mental and emotional distress usually associated with Plaintiff's physical injuries claimed

7  in this litigation. (*No expert testimony regarding this usual mental and emotional distress will be*

8  *presented at trial in support of the claim for damages*)

9  **FORM INTERROGATORY NO. 9.2**

10      Reference is made to Plaintiff's medical records, and responses to written discovery and

11  document production.

12  **FORM INTERROGATORY NO. 10.1:**

13      No.

14  **FORM INTERROGATORY NO. 10.2:**

15      None.

16  **FORM INTERROGATORY NO. 10.3:**

17      To the best of my present recollection, no.

18  **FORM INTERROGATORY NO. 11.1:**

19      No, not to the best of my present recollection.

20  **FORM INTERROGATORY NO. 11.2:**

21      No, not to the best of my present recollection.

22  **FORM INTERROGATORY NO. 12.1:**

23      Investigation is still pending and discovery is not yet complete.

24  **FORM INTERROGATORY NO. 12.2:**

25      No. However, investigation is still pending and discovery is not yet complete.

26  **FORM INTERROGATORY NO. 12.3:**

27      No.  However, investigation is still pending and discovery is not yet complete.

28  ///

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE**

Exhibit 7

40

**FORM INTERROGATORY NO. 12.4:**

No.  However, investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 12.5:**

No. However, investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 12.6:**

Investigation is still pending and discovery is not yet complete.  Plaintiff believes that Defendant's may have taken an Incident Report.

**FORM INTERROGATORY NO. 12.7:**

No.  However, investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 13.1:**

No.  However, investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 13.2:**

No.  However, investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 14.1:**

Yes.  While investigation and legal research are still pending and discovery is not yet complete plaintiff responds in good faith as follows: Defendant violated applicable provisions of the California Civil Code and other applicable Buildings and Safety Codes.

**FORM INTERROGATORY NO. 14.2:**

No, not that Plaintiff is aware of at this time. Investigation is still pending and discovery is not yet complete.

**FORM INTERROGATORY NO. 17.1:**

a) Request for Admission No. 1; b) Defendant's were negligent; c) Including but not limited to Defendants; Defendant employees; Plaintiff; Plaintiff's treating medical providers; d) Plaintiff's medicals. Investigation is still pending and discovery is not yet complete.

a) Request for Admission No. 2; b) Plaintiff was injured as a result of this incident; c) Including but not limited to Defendants; Defendant employees; Plaintiff; Plaintiff's treating medical providers; d) Plaintiff's medicals.

1        a) Request for Admission No. 1; b) Defendant owed a duty to Plaintiff; c) Defendants;

2 Defendant employees; Plaintiff; d) No documents. Investigation is still pending and discovery is

3 not yet complete.

4

5        a) Request for Admission No. 2; b) Defendant breached their duty to Plaintiff;

6 c) Defendants; Defendant employees; Plaintiff; and Plaintiff's treating medical providers;

7 d) Plaintiff's medicals. Investigation is still pending and discovery is not yet complete.

8

9        a) Request for Admission No. 4; b) Defendant is liable for the injuries Plaintiff sustained

10 on their premises; c) Defendants; Defendant employees; Plaintiff; and Plaintiff's treating medical

11 providers; d) Plaintiff's medicals. Investigation is still pending and discovery is not yet complete.

12

13        a) Request for Admission No. 5; b) There was a dangerous condition on Defendant's

14 premises.  Plaintiff was injured as a result.; c) Defendants; Defendant employees; Plaintiff; and

15 Plaintiff's treating medical providers;  d) Plaintiff's medicals. Investigation is still pending and

16 discovery is not yet complete.

17

18        a) Request for Admission No. 11; b) Plaintiff was not given a verbal warning;

19 c) Defendants; Defendant employees; Plaintiff; d) No documents. Investigation is still pending

20 and discovery is not yet complete.

21

22        a) Request for Admission No. 13; b) Plaintiff did not cause her injuries; c)  Defendants;

23 Defendant employees; Plaintiff; and Plaintiff's treating medical providers; d) Plaintiff's medicals.

24

25        a) Request for Admission No. 14; b) Plaintiff did not cause her injuries; c)  Defendants;

26 Defendant employees; Plaintiff; and Plaintiff's treating medical providers; d) Plaintiff's medicals.

27

28

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE**

Exhibit 7

42

1  a) Request for Admission No. 15; b) Plaintiff exercised reasonable care; c) Defendants;
2  Defendant employees; Plaintiff; and Plaintiff's treating medical providers; d) Plaintiff's medicals.
3  Investigation is still pending and discovery is not yet complete.

4

5  a) Request for Admission No. 16; b) Plaintiff did not cause her injuries; c) Defendants;
6  Defendant employees; Plaintiff; and Plaintiff's treating medical providers; d) Plaintiff's medicals.

7

8  a) Request for Admission No. 17; b) Plaintiff suffered special medical damage;
9  c) Defendants; Defendant employees; Plaintiff; and Plaintiff's treating medical providers;
10  d) Plaintiff's medicals.

11

12  a) Request for Admission No. 20; b) Plaintiff will need future medical care; c) Plaintiff;
13  and Plaintiff's treating medical providers; d) Plaintiff's medicals.

14

15  a) Request for Admission No. 21; b) Plaintiff will incur future damages; c) Plaintiff; and
16  Plaintiff's treating medical providers; d) Plaintiff's medicals.

17

18  a) Request for Admission No. 22; b) Plaintiff suffered general damages; c) Defendants;
19  Defendant employees; Plaintiff; and Plaintiff's treating medical providers; d) Plaintiff's medicals.

20

21  a) Request for Admission No. 23; b) Plaintiff will need future medical care; c) Plaintiff;
22  and Plaintiff's treating medical providers; d) Plaintiff's medicals.

23

24  a) Request for Admission No. 24; b) Plaintiff's injuries were not pre-existing; c) Plaintiff;
25  and Plaintiff's treating medical providers; d) Plaintiff's medicals.

26

27  a) Request for Admission No. 25; b) Plaintiff suffered harm and injuries as a result of this
28  incident; c) Defendants; Defendant employees; Plaintiff; and Plaintiff's treating medical

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE

Exhibit 7
43

1    providers;  d) Plaintiff's medicals.

2

3    DATED: June ___, 2021          LAW OFFICES OF GERALD L. MARCUS

4

5                                   By:   _____

6                                   GERALD L. MARCUS, ESQ.
                                    T. VINCENT CONSOLO, ESQ.

7                                   Attorneys for Plaintiff,
                                    DAISY HOCH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET NO. ONE          Exhibit 7

44

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____
I have read the foregoing   **Plaintiff's Responses to Form Interrogatories**
_____ and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

[X]   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐   I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐   The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on   **June 3, 2021**   , at   **Lancaster**   , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DAISY HOCH                                    X _Daisy Hoch_
_____                          _____
Type or Print Name                                    Signature

PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____
I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____
On, _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                          _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                                    Rev. 7/99

Exhibit 7
45

# PROOF OF SERVICE

STATE OF CALIFORNIA           )
                             ) ss:
COUNTY OF LOS ANGELES         )

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of Los Angeles, California, and my business address 24025 Park Sorrento, Suite 430, Calabasas, California, 91302.

On June 3, 2021, I caused to be served the following document: **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES**

[ ]     **BY FACSIMILE [Code Civ. Procedure §§ 10139(e) and (f):** From fax number (818) 784-5970 to the fax number listed below and/or the attached service list.  The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

[ ]     **BY FIRST-CLASS MAIL [Code of Civ. Proc. §1013 and 1013(a)]** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

[x]     **BY ELECTRONIC MAIL (EMAIL) [Code of Civ. Proc. §1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii)]** and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20,2020 to the email listed below:

Andrew O Smith, Esq.
Macy Valdes, Esq.
PETTIT KOHN INGRASSIA LUTZ & DOLIN, PC
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
aosmith@pettitkohn.com   mvaldes@pettitkohn.com
mfrandsen@pettitkohn.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Calabasas, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 3, 2021, at Calabasas, California.

_____
Carmela Galvan

Exhibit 7
46

# Exhibit 8

Exhibit 8
47

1    GERALD L. MARCUS, ESQ., SBN: 128384
     T. VINCENT CONSOLO, ESQ., SBN: 245230
2    LAW OFFICES OF GERALD L. MARCUS
     24025 Park Sorrento, Suite 430
3    Calabasas, CA 91302
     Telephone: (818) 784-8544
4    Facsimile: (818) 784-5970
     File No. 11345
5

6    Attorneys for Plaintiff, DAISY HOCH

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES, NORTH DISTRICT

10

11    DAISY HOCH,                   )    CASE NO. 20AVCV00911

12             Plaintiff,       )    [Unlimited Jurisdiction]
                            )
13    vs.                            )    Action Filed:     12/30/2020
                            )    Assigned to:     Hon. Brian C. Yep, Dept. A14
14    WALMART, a business entity form )   **PLAINTIFF'S RESPONSES TO**
     unknown; WAL-MART STORES, INC.; )   **DEFENDANT'S REQUEST FOR**
15    DOES 1-100, inclusive,          )   **ADMISSIONS, SET NO. ONE**
                            )
16            Defendants.     )
                            )
17    ——————————————— )

18       **PROPOUNDING PARTY: Defendant, WALMART INC.**

19       **RESPONDING PARTY:**    **Plaintiff, DAISY HOCH**

20       **SET NO.:**            **ONE**

21        Pursuant to Code of Civil Procedure section 2033, et seq., Plaintiff, DAISY HOCH, responds

22    to Requests For Admissions as follows:

23                       **RESPONSES**

24       1.     Deny.

25       2.     Deny.

26       1.     Deny.

27       2.     Deny.

28       3.     Admit.

| | | |
|---|---|---|
| 1 | 4. | Deny. |
| 2 | 5. | Deny. |
| 3 | 6. | Plaintiff is unable to admit or deny at this time as investigation is still pending and |
| 4 | | discovery is not yet complete. |
| 5 | 7. | Plaintiff is unable to admit or deny at this time as investigation is still pending and |
| 6 | | discovery is not yet complete. |
| 7 | 8. | Plaintiff is unable to admit or deny at this time as investigation is still pending and |
| 8 | | discovery is not yet complete. |
| 9 | 9. | Plaintiff is unable to admit or deny at this time as investigation is still pending and |
| 10 | | discovery is not yet complete. |
| 11 | 10. | Plaintiff is unable to admit or deny at this time as investigation is still pending and |
| 12 | | discovery is not yet complete. |
| 13 | 11. | Deny. |
| 14 | 12. | Admit. |
| 15 | 13. | Deny. |
| 16 | 14. | Deny. |
| 17 | 15. | Deny. |
| 18 | 16. | Deny. |
| 19 | 17. | Deny. |
| 20 | 18. | Admit to the best of my present recollection. |
| 21 | 19. | Plaintiff is unable to admit or deny.  Plaintiff does not recall at this time. |
| 22 | 20. | Deny. |
| 23 | 21. | Deny. |
| 24 | 22. | Deny. |
| 25 | 23. | Deny. |
| 26 | 24. | Deny. |
| 27 | 25. | Deny. |
| 28 | 26. | Admit. |

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS SET NO ONE

Exhibit 8

49

1    27.    Plaintiff is unable to admit or deny. Unknown at this time.

2    28.    Admit.

3    29.    Admit.

4    30.    Admit.

5    31.    Admit.

6    32.    Admit.

7    33.    Admit.

8    34.    Admit.

DATED: June _3_, 2020

LAW OFFICES OF GERALD L. MARCUS

By: _T. Vincent Consolo_
GERALD L. MARCUS, ESQ.
T. VINCENT CONSOLO, ESQ.
Attorneys for Plaintiff,
DAISY HOCH

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS SET NO ONE

Exhibit 8

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing **Plaintiff's Responses to Requests for Admission**
_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

[X]   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  [ ]  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.  [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am one of the attorneys for _____

a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on __June 3, 2021_____ , at ____Lancaster_____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**DAISY HOCH**_____          X _Daisy Hoch_____
_____Type or Print Name_____                    _____Signature_____

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____

On, _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL
        [ ] *I deposited such envelope in the mail at _____ , California.
        The envelope was mailed with postage thereon fully prepaid.
        [ ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.
[ ]   **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
_____Type or Print Name_____          _____Signature_____
                                    *(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
                                    MAIL SLOT, BOX, OR BAG)
                                    **(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus        Rev. 7/99

Exhibit 8
51

1

**PROOF OF SERVICE**

2

3    STATE OF CALIFORNIA          )
                                   ) ss:
4    COUNTY OF LOS ANGELES        )

5          I am and was at the time of service of the papers herein, over the age of eighteen (18) years
     and am not a party to the action. I am employed in the County of Los Angeles, California, and my
6    business address 24025 Park Sorrento, Suite 430, Calabasas, California, 91302.

7          On June 3, 2021, I caused to be served the following document: **PLAINTIFF'S**
     **RESPONSES TO REQUEST FOR ADMISSION**
8

9    [ ]    **BY FACSIMILE [Code Civ. Procedure §§ 10139(e) and (f):** From fax number (818) 784-
            5970 to the fax number listed below and/or the attached service list. The facsimile machine
10          I used complied with Rule 2008 and no error was reported by the machine.

11   [ ]    **BY FIRST-CLASS MAIL [Code of Civ. Proc. §1013 and 1013(a)]** By placing a copy
            thereof for delivery in a separate envelope addressed to each addressee, respectively, as
12          follows:

13   [x]    **BY ELECTRONIC MAIL (EMAIL) [Code of Civ. Proc. §1010.6(a)(2)(A)(i), 1010.6**
            **(a)(2)(A)(ii)]** and/or necessity resulting from the Safer at Home order/regulation issued by
14          the City and County of Los Angeles effective March 20,2020 to the email listed below:

15

16          Andrew O Smith, Esq.
            Macy Valdes, Esq.
17          PETTIT KOHN INGRASSIA LUTZ & DOLIN, PC
            5901 W. Century Blvd., Suite 1100
18          Los Angeles, CA 90045
            aosmith@pettitkohn.com   mvaldes@pettitkohn.com
19          mfrandsen@pettitkohn.com

20          I am readily familiar with the firm's practice of collection and processing correspondence for
     mailing. Under that practice, it would be deposited with the United States Postal Service on that
21   same day with postage thereon fully prepaid at Calabasas, California, in the ordinary course of
     business. I am aware that on motion of the party served, service is presumed invalid if postal
22   cancellation date or postage meter is more than one day after the date of deposit for mailing in
     affidavit.
23

24          I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct.

25          Executed on June 3, 2021, at Calabasas, California.

26

27                                                    _____
                                                      Carmela Galvan
28

Exhibit 8
52